No. 05-432

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 142N

DERRICK A. DAVIS,

　　　　　Petitioner and Appellant,

　　v.

STATE OF MONTANA,

　　　　　Respondent and Respondent.

APPEAL FROM:　　The District Court of the First Judicial District,
　　　　　　　　In and For the County of Lewis and Clark, Cause No. ADV 2004-949,
　　　　　　　　Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

　　　　　For Appellant:

　　　　　Derrick A. Davis, *pro se*, Shelby, Montana

　　　　　For Respondent:

　　　　　　　Hon. Mike McGrath, Montana Attorney General, Jennifer Anders,
　　　　　　　Assistant Attorney General, Helena, Montana

　　　　　　　Leo Gallagher, Lewis and Clark County Attorney, Carolyn Clemens,
　　　　　　　Deputy County Attorney, Helena, Montana

　　　　　　　　　　　　　　　Submitted on Briefs:　April 26, 2006

　　　　　　　　　　　　　　　　　　　Decided:　June 27, 2006

Filed:

　　　　_____
　　　　　　　　　　　　Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Derrick Davis appeals the First Judicial District Court's denial of his petition for postconviction relief based on a claim that both of his court-appointed defense attorneys provided ineffective assistance. We affirm.

¶3 In September 2001, Davis was charged with numerous felonies and misdemeanors, including but not limited to, burglary, attempted burglary and obstructing a police officer. The State also filed notice of persistent felony offender. On October 10, 2001, he entered pleas of not guilty. Attorney Randi Hood with the Lewis and Clark County Public Defender's Office was appointed to represent Davis. Trial was scheduled for December 10, 2001. At a hearing on November 28, Hood requested a short continuance to allow her to continue searching for identified defense witnesses that purportedly would provide an alibi for Davis. The court therefore rescheduled the trial for January 22, 2002. The record reveals that Davis' trial was the fifth case set for January 22, and was "subsequently bumped" for one of the other four cases. The court rescheduled Davis' trial for February 19. Hood notified the court that she was scheduled to start another trial on that day. The District Court rescheduled the trial for March 11, 2002.

¶4 On March 5, 2002, Davis advised the court that he wished to obtain private counsel. Hood was allowed to withdraw and the March 11 trial was cancelled. When Davis was unable to find private counsel, the District Court appointed Jeremy Gersovitz with the Public Defender's Office to represent Davis. Davis and Gersovitz attended a pre-trial conference on April 10, 2002. At the jury trial held on June 3, 2002, Davis was convicted of three counts of burglary, one count of theft, one count of criminal endangerment, and one count of obstructing a peace officer. Davis appealed his conviction and in December 2003 this Court affirmed.

¶5 In December 2004, Davis filed a petition for postconviction relief alleging ineffective assistance of Hood and Gersovitz. The District Court denied the petition. Davis appeals.

¶6 Davis argues that Hood twice waived his right to a speedy trial without his consent— in November 2001 and January 2002—and this constitutes ineffective assistance under *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Hood's affidavit, however, indicates that she waived Davis' right to a speedy trial only for the short period of time between December 10 and the rescheduled trial on January 22, 2002. She further explained that the District Court rescheduled the January 22 trial to a February date for which she was unavailable due to another scheduled trial, thus requiring the court to reschedule again. She claimed in her affidavit that Davis was fully apprised on both occasions of the reasons that the trial was continued and that he voiced no objection. Hood's affidavit noted that had Davis gone to trial as scheduled on March 11, trial would have

3

occurred within six months of his arrest, well within the requirements of speedy trial guarantees.

¶7 The District Court evaluated the length of time between Davis' arrest and his trial, as well as the reasons for the delay. It then concluded that Hood's request for a continuance had been in Davis' best interests. The court noted that Davis had provided Hood with incomplete names and descriptions of his alleged alibi witnesses and Hood made a diligent attempt to locate these witnesses before going to trial. The court determined that had Hood failed to make such efforts, she would have been in breach of her professional responsibility to her client. The court also determined that Davis failed to assert or prove any harm caused by the delay in his trial.

¶8 Davis also claims that Gersovitz provided ineffective assistance by not filing notice of alibi witnesses, by failing to call alibi witnesses to trial, and by leaving a juror who claimed to know Davis on the panel. The record reveals, however, that Gersovitz interviewed the witnesses and made a strategic decision not to call them as they did not appear helpful to Davis' case. Gersovitz also made a tactical decision to retain the juror on the panel, explaining in the record that the juror displayed qualities of compassion and thoughtfulness that Gersovitz believed might serve his client well. The District Court ruled that Gersovitz's decisions were strategic and tactical and did not constitute ineffective assistance of counsel under *Strickland.*

¶9 We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous, and whether its conclusions of law

4

are correct.  *State v. Woods*, 2005 MT 186, ¶ 12, 328 Mont. 54, ¶ 12, 117 P.3d 152, ¶ 12.

Moreover, as we explained in *Dawson v. State*, 2000 MT 219, 301 Mont. 135, 10 P.3d 49:

> A petitioner seeking to reverse a district court's denial of a petition for postconviction relief based on a claim of ineffective assistance of counsel bears a heavy burden. In considering ineffective assistance of counsel claims on direct appeal and in postconviction proceedings, we apply the two-pronged test set forth by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674.  *See Hagen v. State*, 1999 MT 8, ¶ 10, 293 Mont. 60, ¶ 10, 973 P.2d 233, ¶ 10.  *Strickland's* two-part test requires that the defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense and deprived the defendant of a fair trial.  *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064.

*Dawson*, ¶ 20.

¶10    We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the District Court's findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and the record supports the District Court's evaluation of the performances of counsel and denial of Davis' petition for postconviction relief.

¶11    We affirm.


/S/ PATRICIA COTTER


We Concur:

5

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS